◼ In the Matter of PERSICHILLI HOMES, INC., et al., Respondents, v. ZONING BOARD OF APPEALS OF THE TOWN OF HUNTINGTON, Appellant.— In a proceeding pursuant to article 78 of the CPLR to annul a determination of the Zoning Board of Appeals of the Town of Huntington, which denied petitioners' application for an area variance in the town's Zoning Ordinance, the said Zoning Board appeals from a judgment of the Supreme Court, Suffolk County, entered November 30, 1964, which annulled the determination and directed the issuance of an appropriate variance and building permits. Judgment affirmed, without costs. No opinion. Christ, Acting P. J., Hill, Rabin and Benjamin, JJ., concur; Hopkins, J., dissents and votes to reverse the judgment and to confirm the determination of the Zoning Board of Appeals, with the following memorandum:

In reviewing the action of the Zoning Board of Appeals, a court may not substitute its judgment for the conclusion reached (*Matter of Berg* v. *Michaelis*, 21 A D 2d 322, 324). Once it is found that there is a rational basis for the determination of the board, the judicial function is exhausted (*Matter of Leathersich* v. *Wade*, 20 A D 2d 963, 964). Here, in my opinion, there was a rational basis for the denial of the variance sought by the petitioner. No proof of unnecessary hardship or practical difficulty was submitted to the board by the petitioner and, without such proof, the petitioner was not entitled to the variance. All that petitioner essentially showed was that it had purchased a parcel of property consisting of two contiguous lots, each 100 feet in width and 475 feet in depth, in a zone in which the minimum width was prescribed as 125 feet, and that it desired to erect two houses on lots having a width of 100 feet. In effect, the petitioner's application sought to carve two substandard lots out of a conforming parcel; and it seems to me that the granting of the application approves the creation of a self-contrived difficulty (cf. *Matter of Chasanoff* v. *Silberstein*, 6 N Y 2d 807; *Matter of Johnson* v. *Moore*, 13 A D 2d 984). Accordingly, the board's determination was not arbitrary or capricious, but founded on sufficient grounds (*Matter of Baumhofer* v. *Ullrich*, 20 A D 2d 751).